UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY MEYERS,

                  Petitioner,

v.

MAGGIE MILLER-STOUT,

                  Respondent.

No. C08-5773 FDB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: October 23, 2009**

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Mr. Meyers filed this action under 28 U.S.C. § 2254 challenging his 2005 convictions. Dkt. 5.[1] Respondent filed an Answer pursuant to Rule 5 of the Rules Governing Section 2254 Cases, and relevant portions of the record. Dkts. 16 and 17. Respondent argues that the petition is untimely and barred by the statute of limitations under 28 U.S.C. § 2244(d). After careful review of the parties' submissions, relevant portions of the state court procedural record, and the balance of the record, the undersigned agrees that Mr. Meyers' petition is untimely.

---

[1] Mr. Meyers amended the first page of his petition only to name the appropriate Respondent. Dkt. 9.

REPORT AND RECOMMENDATION - 1

## I. PROCEDURAL HISTORY

Mr. Meyers is in the custody of the Washington Department of Corrections pursuant to a jury conviction for first degree murder and conspiracy to commit first degree murder, committed in July 2003. Dkt. 17, Exh. 1. On January 10, 2005, the Pierce County Superior Court (the Honorable Ronald E. Culpepper) sentenced him to 500 months confinement. *Id*. at 4.

Mr. Meyers appealed his conviction to the Washington Court of Appeals. *Id.*, Exh. 4. The Washington Court of Appeals denied his appeal in an unpublished opinion. *Id.*, Exh. 3. Mr. Meyers petitioned for review in the Washington Supreme Court. *Id.*, Exh. 7. On May 2, 2007, the Washington Supreme Court denied review. *Id.*, Exh. 10. On May 11, 2007, the Washington Court of Appeals issued its mandate. *Id.*, Exh. 11.

On August 14, 2008, Mr. Meyers filed a personal restraint petition with the Washington Court of Appeals. *Id.,* Exh. 12. He signed the petition on August 5, 2008. *Id*. On February 6, 2009, the Washington Court of Appeals denied the petition on time-bar grounds on February 6, 2009. *Id.*, Exh. 13. Mr. Meyers did not file a motion for discretionary review in the Washington Supreme Court. The Washington Court of Appeals issued a certificate of finality on March 27, 2009. *Id.*, Exh. 14.

## II. EVIDENTIARY HEARING

In a proceeding instituted by the filing of a federal habeas corpus petition by a person in custody pursuant to a judgment of a state court, the "determination of a factual issue" made by that court "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Under 28 U.S.C. § 2254(e)(1), the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id*.

Where a petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court," an evidentiary hearing in federal court will not be precluded. *Baja v. Ducharme*, 187 F.3d 1075, 1078-79 (9th Cir. 1999) (quoting *Cardwell v. Greene*, 152 F.3d 331, 337 (4th Cir. 1998)). On the other hand, if the petitioner fails to develop "the factual basis of a claim" in the state court proceedings, an evidentiary hearing on that claim shall not be held, unless the petitioner shows:

(A) the claim relies on--

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.28 U.S.C. § 2254(e)(2).

An evidentiary hearing "is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998). It "is not required on issues that can be resolved by reference to the state court record." *Id*. (emphasis in original). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.*; *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255).

In this case, "[t]here is no indication from the arguments presented" by Mr. Meyers that an evidentiary hearing would in any way shed new light on the grounds for federal habeas corpus

REPORT AND RECOMMENDATION - 3

relief raised in his petition. See *Totten*, 137 F.2d at 1177. The question of whether Mr. Meyers filed his petition within the one-year federal statute of limitations is a purely legal one that may be resolved by reference to the record before this court. Accordingly, an evidentiary hearing is not required.

### III. ISSUES FOR REVIEW

In his federal habeas petition, Mr. Meyers raises the following issues:

(1) misconduct by co-defendant's trial counsel;

(2) the trial court failed to sever the trials of the two defendants;

(3) statements of the co-defendant constituted prejudicial evidence; and

(4) insufficient evidence.

Dkt. 5, pp. 5- 6, 8, 10 (CM/ECF pagination).

### IV. DISCUSSION

**A. The Federal Statute Of Limitations, 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). A petition for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a State court is untimely when it is filed more than one year after the underlying judgment becomes final. *Id*. In general, a judgment becomes final on the date that direct review of the conviction is concluded. 28 U.S.C. § 2254(d)(1); *Wixom v. Washington*, 264 F.3d 894, 896 (9th Cir. 2001). A court must resolve statute of limitations issues before resolving the merits of individual claims. The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

control make it impossible to file a petition on time." *Id*. at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

REPORT AND RECOMMENDATION - 5

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

Mr. Meyers's conviction became final for purposes of federal law on May 2, 2007, the date the Washington Supreme Court denied review of his direct appeal. Dkt. 17, Exh. 10. The time for seeking certiorari with the United States Supreme Court expired 90 days later on July 31, 2007. The 28 U.S.C. § 2244(d)(1) one-year statute of limitations began to run the next day. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *see also Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The statute then ran for 365 days until it expired on July 31, 2008. A properly filed state court application for post-sentence relief tolls the statute of limitations for the time the application remains pending in state court. See 28 U.S.C. § 2244(d)(2). However, untimely applications for post-sentence relief do not toll the statute of limitations. *Pace*, 544 U.S. 408 at 410 (holding that untimely state court petition for post-sentence relief did not toll federal statute of limitations because petition did not constitute "properly filed" petition); *Allen v. Siebert*, _ U.S. _, 128 S. Ct. 965 (Mem) (2007) (per curiam) (holding that it is immaterial for purposes of §2244(d)(2) whether a state time limit is jurisdictional or is instead an affirmative defense).

Mr. Meyers's state personal restraint petition was filed on August 5, 2008, when he signed that petition at the Washington State Reformatory. Dkt. 17, Exh. 12. *See Ford v. Hubbard*, 330 F.3d 1086, 1097 (9th Cir. 2003) (petitions deemed "filed" for purposes of AEDPA's statute of limitations the moment delivered to prison authorities for forwarding to

REPORT AND RECOMMENDATION - 6

clerk of district court). Because Mr. Meyers filed his state personal restraint petition after the federal statute of limitations had expired, and because it was an untimely state court petition and therefore not "properly filed," the petition did not toll the federal statute of limitations.

Several months after July 31, 2008, when the statute of limitations expired, Mr. Meyers filed his federal habeas corpus petition on December 18, 2008 (the date he signed the petition). Dkt. 1. Therefore, Mr. Meyers's federal habeas petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).

**B.      Equitable Tolling**

Equitable tolling under AEDPA is only appropriate where extraordinary circumstances beyond a prisoner's control made it impossible to file a petition on time. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

To equitably toll AEDPA's one-year statute of limitations, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quotation marks and citations omitted). "The prisoner must show that the extraordinary circumstances were the cause of his untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted).

REPORT AND RECOMMENDATION - 7

"The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012 (9th Cir. 2009) (citing *Pace*, 544 U.S. at 417, and distinguishing *Harris v. Carter*, 515 F.3d 1051, 1055-56 (9th Cir. 2008), because petitioner had not relied detrimentally on any prior, subsequently invalidated precedent on tolling). A court cannot interpret the equitable tolling exception so broadly as to displace the statutory limitations that Congress crafted. *Id*. at 1014. Equitable tolling is not available in most cases. *Miles v. Prunty*, 187 F.3d at 1107.

Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (loss of legal materials during 27 day period did not warrant equitable tolling where petitioner did not show the loss prevented filing a petition during the remaining limitations period); *Miles v. Prunty*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (equitable tolling not appropriate where attorney miscalculated the statute of limitations deadline).

There are no grounds for equitable tolling in this case. There is no evidence of conduct by the Respondent that impeded Mr. Meyers's ability to prepare and file his federal petition in a prompt fashion. There is no evidence of circumstances, such as a lack of clarity in the law or legal unavailability of claims preventing Mr. Meyers from filing his habeas petition in a prompt

fashion. Neither does Mr. Meyers provide any explanation of why he waited over four months to file his federal habeas petition after the state court denied his post-sentence petition for relief.

Accordingly, Mr. Meyers's federal habeas petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

## V. CONCLUSION

Mr. Meyers filed his habeas corpus petition several months after the federal statute of limitations period expired. Therefore, Mr. Meyers's federal habeas petition is time-barred based on 28 U.S.C. § 2244(d)(1)(D) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 23, 2009**, as noted in the caption.

DATED this 5th day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9